UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY B. CAMPBELL,

    Petitioner,

v.    Case No. 06-C-0158

DAVID A. CLARK, Sheriff,

    Respondent.

**RECOMMENDATION ON PETITION FOR A WRIT OF HABEAS CORPUS**

On February 6, 2006, the petitioner, Gary B. Campbell ("Campbell"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. According to Campbell's petition, he is currently in the custody of the respondent, David A. Clark ("Clark"), in his capacity as the Sheriff of Milwaukee County, Wisconsin. More precisely, according to Campbell's petition and the memorandum filed in support thereof, on December 9, 2004, Campbell was arrested and charged with one count of first degree intentional homicide and one count of mutilating a corpse. On January 10, 2005, a preliminary hearing was conducted in Campbell's case and he was bound over for trial. Thereafter, on April 22, 2005, on July 22, 2005 and on August 12, 2005, certain motions to suppress evidence that had been filed by Campbell (including a motion to suppress his inculpatory statement) were denied by the Milwaukee County Circuit Court. Campbell claims that his arrest was effected without probable cause and that law enforcement officers of Wood County unlawfully detained him until such time as they could transfer his custody to law enforcement officials of Milwaukee County. Campbell also claims that his motions to suppress should have been granted by Milwaukee County

Circuit Court Judge Karen E. Christenson. Finally, he claims in conclusory fashion that Judge Christenson is biased against him. Although he has not sought any further relief in state court and although he has not yet been tried in state court for the charged offenses, Campbell seeks the following relief from this court:

> I ask that the court find that my arrest was "illegal" and the subsequent statement was the "fruit of an illegal arrest." I ask that the court find the statement was not voluntarily given and should have been suppressed. I ask [] that the court 'order' my immediate release from custody.

(Pet. at 12.)

When a habeas corpus petitioner, like Campbell, claims that he is being held in pretrial state custody in violation of the U. S. Constitution, the provisions of 28 U.S.C. § 2241, *et seq*. are applicable to his petition.[1] Title 28 U.S.C. § 2243 provides, in pertinent part, as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto.</u> (emphasis provided)

For the reasons which follow, it will be recommended that the district judge dismiss Campbell's petition.

Unlike section 2254 of title 28, section 2241 does not itself require exhaustion, but federal courts may nevertheless require it as a matter of comity. *See United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Hirsh v. Smitley*, 66 F. Supp. 2d 985, 986 (E.D. Wis. 1999) (quotation marks omitted). "In most cases courts will not consider claims that can be raised

---

[1] This is in contrast to a person who is in state custody after judgment of conviction, in which case the provisions of 28 U.S.C. § 2254 would be applicable to his habeas corpus petition.

at trial and in subsequent state proceedings." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). A petitioner will be held to have exhausted his remedies before trial only in "special circumstances." *United States ex rel Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973)).

The petitioner's claims do not present a "special circumstance" that warrants the extraordinary remedy of pre-trial federal habeas relief. His claims can be presented prior to trial (as they apparently have) and, if they have merit, they can be presented on appeal from any conviction that might yet occur. *See Blanck,* 48 F. Supp. 2d at 861. Other courts have similarly declined to prematurely adjudicate claims in a federal habeas petition. *See id.* at 862; *Hirsh*, 66 F. Supp. 2d at 986-87; *see also Elrod*, 589 F.2d at 329. ("[W]e emphasize the imprudence of using habeas corpus in the absence of extraordinary circumstances to wrest from the state courts the primary responsibility for remedying constitutional violations committed by state law enforcement officials."). The court thereby avoids turning the writ of habeas corpus into a "pre-trial motion forum" for defendants in state court and causing the "derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *See Braden*, 410 U.S. at 493.

**NOW THEREFORE IT IS RECOMMENDED** that Campbell's petition for a writ of habeas corpus be **DENIED**;

**IT IS FURTHER RECOMMENDED** that Campbell's petition for a writ of habeas corpus be **DISMISSED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) - (C), Federal Rule of Criminal Procedure 59(b)(2), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this

recommendation.  Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 9th day of February 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge