# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**GARY B. CAMPBELL,**
          **Petitioner,**

     v.                                                  Case No. 06C0158

**DAVID A. CLARKE,**
          **Respondent.**

---

## DECISION AND ORDER

Petitioner Gary B. Campbell, who is awaiting trial on a homicide charge in state court, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Magistrate Judge Callahan recommended that I deny petitioner's petition, and petitioner objects to the recommendation. When a party timely objects to a magistrate judge's recommendation, I conduct a de novo review of the objected-to portions, 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-76 (1980); and may review de novo any other aspects as I see fit. Delgado v. Bowen, 782 F.2d 79, 81-82 (7th Cir. 1986). In the present case, I will review Magistrate Judge Callahan's recommendation de novo. Petitioner claims that Wisconsin has violated his federal constitutional rights by arresting him without probable cause and by proffering inadmissible inculpatory statements as evidence. However, I will not address the merits of petitioner's claims because I agree with Magistrate Judge Callahan that petitioner's habeas petition is premature.

For reasons of comity, federal courts generally require state prisoners who seek federal habeas relief to exhaust available state remedies. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92

(1973)); Hung Nam Tran v. Bartow, ___ F.3d ___, 2006 WL 1589657 (E.D. Wis. Jun. 7, 2006) (stating that "[t]he Seventh Circuit has made it clear that in the interest of comity, district courts should not exercise jurisdiction unless petitioner has exhausted his state remedies"). When a state prisoner charged with a crime brings a federal habeas petition before he has been tried in state court, he will be found to have exhausted his state remedies only if "special circumstances" exist. United States ex rel. Parish v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979). Federal courts have generally found such special circumstances only when the petitioner claims that a state court trial will violate his right to be free from double jeopardy or when the state courts are denying him the right to a speedy trial or to bail. See, generally, Larry W. Yackle, Postconviction Remedies § 63 ( ed. 2006) (noting "a claim of double jeopardy presents one such circumstance"); Hirsch v. Smitley, 66 F. Supp. 2d 985 (E.D. Wis. 1999) (noting "speedy trial considerations can also be the basis for such relief, but only where petitioner is seeking to force a trial"). Thus, a state prisoner who has not yet been tried may obtain federal habeas relief only when he cannot vindicate the right in question by raising it at trial.

In the present case, petitioner presents no such special circumstances. Thus, it would be inappropriate for me to "wrest from the state courts the primary responsibility for remedying constitutional violations committed by state law enforcement officials." Elrod, 589 F.2d at 329. Petitioner must exhaust all available state remedies before seeking federal habeas review.

Therefore,

**IT IS ORDERED** that the magistrate judge's recommendation is **ADOPTED**, and Campbell's petition for a writ of habeas corpus is **DENIED.**

Dated at Milwaukee, Wisconsin this 25 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge